UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

------------------------------------

**ELAINE L. CHAO**, Secretary of Labor, :
United States Department of Labor, :
: CIVIL ACTION
Plaintiff, :
: No.
v. :
: FILED
: MAY 12, 2008                    YM
**DAVID J. JACOBS, NORTHWESTERN** :
**PLATING WORKS, INC.,** and : 08CV2725
**NORTHWESTERN PLATING WORKS, INC.** : JUDGE LINDBERG
**PROFIT SHARING PLAN,** :
: MAGISTRATE JUDGE KEYS
:
Defendants. :

------------------------------------

## COMPLAINT

Plaintiff Elaine L. Chao, Secretary of Labor, United States Department of Labor ("Secretary"), alleges:

### JURISDICTION AND VENUE

1. This action arises under Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1001, et seq., and is brought by the Secretary under ERISA §§502(a)(2) and (5), 29 U.S.C. §§1132(a)(2) and (5), to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain appropriate relief for breaches of fiduciary duty under ERISA §409, 29 U.S.C. §1109, and to obtain such further relief as may be appropriate to redress and to enforce the provisions of Title I of ERISA.

2. This court has jurisdiction over this action pursuant to ERISA §502(e)(1), 29 U.S.C. §1132(e)(1).

3. The Northwestern Plating Works, Inc. Profit Sharing Plan (Plan) is an employee benefit plan within the meaning of ERISA §3(3), 29 U.S.C. §1002(3), which is subject to the provisions of Title I of ERISA pursuant to ERISA §4(a), 29 U.S.C. §1003(a).

4. Venue of this action lies in the Northern District of Illinois, pursuant to ERISA §502(e)(2), 29 U.S.C. §1132(e)(2), because the Plan was administered at 3136 South Kolin, Chicago, Cook County, Illinois within this district and division.

## DEFENDANTS

5. At all relevant times, David J. Jacobs (Jacobs) was the president and sole owner of Northwestern Plating Works, Inc. (NWP), and exercised authority and control regarding management of the Plan and management and disposition of the Plan's assets making him a fiduciary with respect to the aforementioned Plan within the meaning of ERISA §3(21)(A), 29 U.S.C. §1002(21)(A); and was a party in interest to the Plan within the meaning of ERISA §§3(14)(A) and (H), 29 U.S.C. §§1002(14)(A) and (H). On July 31, 2007, Jacobs filed a petition for bankruptcy relief pursuant to Chapter 7 of the Bankruptcy Code.[1]

6. At all relevant times, NWP, was the Plan sponsor and the Plan Administrator, and exercised authority and control regarding management of the Plan and management and disposition of the Plan's assets making it a fiduciary with respect to the aforementioned Plan within the meaning of ERISA §3(21)(A), 29 U.S.C. §1002(21)(A); and was a party in interest to the Plan within the meaning of ERISA §§3(14)(A) and (H), 29 U.S.C. §§1002(14)(A) and (H).

---

[1] Because the Secretary is prosecuting this civil action pursuant to the Department of Labor's police and regulatory power under Title I of ERISA, the Secretary's action will be "an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power," and it is therefore excluded from the operation of the automatic stay provisions of the Bankruptcy Code pursuant to 11 U.S.C. §362(b)(4). The Secretary's efforts to enforce any monetary portion of any judgment obtained against defendant Jacobs will be consistent with the Bankruptcy Code.

3

      7.      The Plan is named as a defendant herein pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to assure that complete relief can be granted.

## ALLEGATIONS

### COUNT I
### (Misappropriation of Plan Assets for the Payment of Non-Plan Expenses)

8. The General Allegations, paragraphs 1 through 7, are hereby incorporated in these Allegations.

9. During the period from June 29, 2001 through February 6, 2005, Jacobs withdrew Plan assets from the Morgan Stanley Plan account and placed the monies in his personal account or NWP's business account.

10. Jacobs then used the withdrawn Plan assets to pay non-plan expenses, including NWP's expenses.

11. By the conduct described in paragraphs 9 and 10 above, NWP and Jacobs:

    a. violated ERISA §403(c)(1), 29 U.S.C. §1103(c)(1), which requires that all assets of an employee benefit plan never inure to the benefit of the employer;

    b. failed to act solely in the interest of the participants and beneficiaries of the Plan and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of plan administration, in violation of ERISA §404(a)(1)(A), 29 U.S.C. §1104(a)(1)(A);

    c. failed to discharge their duties with respect to the Plan in accordance with the documents and instruments governing the Plan in violation of ERISA §404(a)(1)(D), 29 U.S.C. §1104(a)(1)(D);

    d. caused the Plan to engage in transactions which they knew or should have known constituted a direct or indirect transfer to, or use by or for the benefit of, a party in interest, of assets of the Plan, in violation of ERISA §406(a)(1)(D), 29 U.S.C. §1106(a)(1)(D); and

      e.    dealt with assets of the Plan in their own interest or acted on behalf of a party whose interests are adverse to the interests of the Plan or the interests of its participants and beneficiaries, in violation of ERISA §§406(b)(1) and (2), 29 U.S.C. §§1106(b)(1) and (2).

## COUNT TWO
### (Failure to Maintain Fidelity Bond for Fiduciaries)

12.    The allegations contained in paragraphs 1 through 7, are hereby incorporated in this Count.

13.    Upon information and belief, no fidelity bond was maintained by the fiduciaries of the Plan.

14.    By failing to maintain a fidelity bond as described in paragraph 13, NWP and Jacobs violated ERISA §412, 29 U.S.C. §1112, which requires that every fiduciary of an employee benefit plan and every person that handles funds or other property of such plan be bonded against losses to the plan resulting from acts of fraud or dishonesty.

## PRAYER FOR RELIEF

WHEREFORE, the Secretary prays for judgment:

    A.    Permanently enjoining defendants from violating the provisions of Title I of ERISA;

    B.    Ordering defendants to restore to the Plan all losses incurred as a result of breaches of their fiduciary duties and violations they committed or for which they are liable, with appropriate interest;

    C.    Ordering defendants to correct the prohibited transactions in which they engaged;

    D.    Permanently enjoining defendants from serving as fiduciaries or service providers to any ERISA-covered employee benefit plan;

E.  Ordering defendants to secure and maintain a fidelity bond for every fiduciary of the Plan;

F.  Removing defendants as fiduciaries to the Plan and appointing an independent fiduciary to administer the Plan in order to effectuate its termination, and the distribution of Plan assets to the participants and beneficiaries;

G.  Ordering defendants to pay the reasonable fees and expenses of the independent fiduciary;

H.  Awarding the Secretary the costs of this action; and

I.  Ordering such further relief as is appropriate and just.

        **GREGORY F. JACOB**
        Solicitor of Labor

        **JOAN E. GESTRIN**
        Regional Solicitor

        _s/Ruben R. Chapa_

**P.O. ADDRESS:**     **RUBEN R. CHAPA**
Office of the Solicitor     Attorney
U.S. Department of Labor
230 South Dearborn Street     Attorneys for Elaine L. Chao
Suite 844     Secretary,
Chicago, Illinois 60604     United States Department of Labor,
Telephone: (312) 353-6993     Plaintiff
IL Bar No. 6215869